CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

OCT 29 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JONAH J. SOVEREIGN,<br>    Plaintiff, | Civil Action No. 7:15-cv-00546 |
| v. | ORDER |
| LESLIE J. FLEMING,<br>    Defendant. | By:  Hon. Jackson L. Kiser<br>       Senior United States District Judge |

On August 26, 2015, the United States District Court for the Eastern District of Virginia set up this civil action after it received a document titled, "Request for Injunction," from pro se plaintiff Jonah J. Sovereign. That court docketed the "Request for Injunction" as the complaint and transferred the action to this court on October 5, 2014. On October 19, 2015, I dismissed the complaint without prejudice as frivolous. Four days later, the court received 101 pages of "exhibits," and three days later, the court received Plaintiff's motion for reconsideration.

In the motion, Plaintiff complains that the court should not have construed the "Request for Injunction" as a complaint; erred by "assuming" that Warden Fleming was the only defendant; and erred by dismissing the case without reviewing the evidence. First, a court can construe an initial, pro se filing as a complaint in order to commence a civil action, pursuant to Federal Rule of Civil Procedure 3. Second, the "Request for Injunction" plainly refers to only one defendant, Warden Fleming. Third, I will not construe the 101 pages of "exhibits," which the court received after the complaint was dismissed, as anything but a "data dump" that does not invalidate the dismissal order. Pursuant to Federal Rules of Civil Procedure 8 and 10, it is Plaintiff's, and not a court's, obligation to set out the pertinent facts and legal theories with enough specificity to put a defendant on notice of a legal claim. Fourth, the court dismissed the complaint without prejudice, meaning Plaintiff may refile it in accordance with Rules 8 and 10 at the time of his choice, subject to the applicable limitations period. Accordingly, none of the

bases in the motion for reconsideration warrant reopening this case, and the motion for reconsideration is **DENIED**.

The Clerk shall send a copy of this Order to Plaintiff.

It is so **ORDERED**.

ENTER: This 29th day of October, 2015.

                                                      Senior United States District Judge